Murry Warhank
JACKSON, MURDO & GRANT, P.C.
203 North Ewing Street
Helena, MT 59601
Tele: (406) 442-1308
Fax: (406) 443-7033
mwarhank@jmgm.com

*Attorneys for Plaintiff*



FILED

MAR 15 2018

Clerk, U.S. District Court
District Of Montana
Helena

## MONTANA FIRST JUDICIAL DISTRICT COURT, LEWIS AND CLARK COUNTY

| | |
|---|---|
| EMILY CHURCHILL,<br><br>Plaintiff,<br><br>vs.<br><br>USAA GENERAL INDEMNITY COMPANY and DOES 1-10,<br><br>Defendants. | CAUSE NO. ADV 2017-924<br><br>HON. _____<br><br>CV-18-27-H-CCL<br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>MIKE MENAHAN<br>PRESIDING JUDGE |

Emily Churchill ("Emily"), through counsel JACKSON, MURDO & GRANT, P.C., complains against USAA General Indemnity Company ("USAA") as follows:

### Parties and Jurisdiction

1. Emily Churchill is a resident of Lewis & Clark County, Montana.

2. USAA is an insurance company doing business in Lewis & Clark County, Montana.

3. This case arises from a car accident Emily was involved in on February 2, 2016, in Helena, Lewis & Clark County, Montana ("the accident"). Emily is insured by USAA, and USAA has refused to pay any and all claims submitted by Emily, for which she has coverage as outlined in her automobile insurance policy with USAA that was in effect on February 2, 2016 (Policy No. 016807613G71031, Effective 8/8/2015 to

2/8/2016, "the Policy"). Emily has suffered significant injuries and damages as a result of the car accident.

4. Does 1-10 are individuals or entities who may be responsible for the damages and actions at issue in this case but who have not been identified at present.

5. This Court has personal and subject matter jurisdiction over this case.

6. Venue is proper in this Court.

## Facts

7. Emily reincorporates the other allegations herein.

8. Emily purchased underinsured motorist ("UIM") coverage from USAA. She had total UIM coverage of $200,000 as of February 2, 2016. Emily also purchased and was covered by medical payment insurance ("Med Pay") totaling $5,000.

9. On February 3, 2016, Stephanie Rogge ("Rogge") ran a red light at the intersection of 11th Avenue and Roberts Street in Helena.

10. Emily was lawfully driving on 11th Avenue. She had the right of way through the intersection. Because Rogge ran the red light, Emily crashed into her. Emily was injured in the accident.

11. Rogge was cited by the Helena City Police for running the red light.

12. Rogge negligently caused the accident, and her negligence injured Emily.

13. Emily was not negligent and is not at fault for the injuries she suffered.

14. Rogge had $50,000 in liability coverage available for the accident through her insurer, Kemper.

15.   Kemper paid its $50,000 in limits to Emily without her having to file a lawsuit. USAA waived any right to subrogate against Rogge on or about August 29, 2017.

16.   Emily continues to suffer from injuries she received in the accident. She has missed significant time at work. Her medical professionals advised her to take a leave from her job because of the accident.

17.   Emily has provided USAA with records in which Emily's medical professionals opine that her ongoing problems were caused by the accident. Nevertheless, USAA has refused to pay for any of Emily's medical treatment.

18.   USAA has breached its obligations under the Montana Unfair Trade Practices Act by failing to make a reasonable offer of settlement for Emily's injuries and critical ongoing medical treatment. These breaches cannot be addressed in this lawsuit, but they did force Emily to file this lawsuit and incur unnecessary legal expenses.

### First Cause of Action:   Breach of Insurance Contract

19.   Emily reincorporates the other allegations herein.

20.   Emily purchased the Policy from USAA. The Policy included Med Pay coverage for medical expenses incurred in the event of an automobile accident, and UIM coverage that applies when Emily is injured by another who does not have enough insurance to compensate her fully for her injuries.

21.   USAA has breached the insurance contract it sold Emily by not paying to her money it owes pursuant to her Med Pay and UIM coverage.

22.   Emily is entitled to an award of the amounts due under the Policy.

## Second Cause of Action: Declaratory Judgment

23. Emily reincorporates the other allegations herein.

24. Emily is entitled to a judicial declaration that USAA is required to provide Emily with payments for her ongoing wage losses and medical expenses. The declaration is warranted per the terms of her insurance contract, the Montana Unfair Trade Practices Act, and the Montana Supreme Court's ruling in *Ridley* and its progeny.

25. Emily is entitled to a judicial declaration that she is entitled to additional insurance benefits from USAA.

26. Emily is entitled to a judicial declaration that she was required to begin this lawsuit to secure the insurance benefits to which she is entitled.

## Third Cause of Action: Insurance Bad Faith

27. Emily reincorporates the other allegations herein.

28. In failing to make required payments under the Policy, USAA violated Montana's Unfair Trade Practices act in the following ways, in addition to ways which may be discovered as the case progresses.

29. USAA has failed to conduct a reasonable investigation in Emily's claims. It has further failed to attempt in good faith to effectuate prompt, fair, and equitable settlements of Emily's claims.

30. USAA failed to make any reasonable settlement offer to Emily. In so doing, it has compelled Emily to institute litigation to recover amounts due under the Policy. USAA offered substantially less than the amounts she will ultimately recover.

31.  USAA has failed on numerous occasions to respond to demands for benefits under the Policy. It has therefore failed to affirm or deny coverage within a reasonable time.

32.  USAA has failed to adopt and implement reasonable standards for the prompt and fair investigation of claims.

33.  USAA's breaches of Montana's Unfair Trade Practices Act listed above, as well as additional violations which may be discovered, were committed with actual malice, as that term is used in Mont. Code Ann. § 27-1-211(2).

34.  USAA has violated the Unfair Trade Practices Act, Mont. Code Ann. § 33-18-201m *et seq.*, and committed common law bad faith. These breaches have harmed Emily, and she is entitled to compensation therefore.

## Request for Relief

Emily asks the Court for the following relief:

1. A trial by jury;

2. Damages in an amount to be proven at trial;

3. The judicial declarations provided above;

4. Punitive damages for the torts listed in Count III;

5. Attorneys' fees; and

6. All other relief available at law or equity.

DATED this 21 day of November, 2017.

JACKSON, MURDO & GRANT, P.C.

Murry Warhank
Attorneys for Plaintiff Emily Churchill